## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**LAURA L. LUCKADUE**                                                                **PLAINTIFF**

**V.**                                    **4:11CV599 JMM**

**LEADER NEWSPAPER, INC.**                                               **DEFENDANT**

## ORDER

Pending is the Defendant's Motion for Summary Judgment.  Plaintiff has responded.  For the reasons set forth below, the Motion is GRANTED.

Plaintiff began work as a paper carrier for Defendant in 2003.  Plaintiff admits that she was hired by the Defendant as an independent contractor.  At the time, her only job responsibilities were picking up the newspapers and delivering them to subscribers on her route at a reasonable hour.  In 2005, the Defendant began requiring paper carriers to roll and secure the newspapers with rubber bands prior to picking up the papers and delivering them.   Carriers were not compensated more for the new task.  Although Plaintiff did not enjoy the new task and felt she should be compensated for the extra duty, Plaintiff continued as a paper carrier for the Defendant until April 4, 2011.

On April 4, 2011, it is undisputed that Plaintiff did not pick up her newspapers for distribution until the afternoon.  The Defendant terminated Plaintiff on the same day.  According to the Defendant, there had been other problems with Plaintiff prior to her termination.  The Defendant's managers and owner were aware that Plaintiff did not like to roll the newspapers and that she would come in late sometimes to avoid the work.  As a result, Plaintiff's deliveries were often delayed.  There were complaints from subscribers on Plaintiff's route about Plaintiff's speed while delivering papers, about where Plaintiff left the papers, and the time of

day the papers were delivered.  The Defendant claims that all of these factors were considered

when Plaintiff was terminated.

Plaintiff filed suit against the Defendant on August 1, 2011 alleging that the Defendant

terminated her in violation of Title VII of the Civil Rights Act.  Plaintiff claims that she was

terminated on the basis of her race, sex and age.  Plaintiff alleges that the Defendant treated two

white paper carriers preferentially by allowing them to pick up their newspapers early.  She also

alleges her rights were violated because she was not allowed to speak to the owner of the

Defendant Leader Newspaper, Inc. after she was terminated.

The Defendant has filed a motion for summary judgment.  In the motion, the Defendant

argues that Plaintiff was an independent contractor, not an employee, and therefore the

Defendant is not liable under Title VII.  Defendant contends that the two white carriers were

allowed to pick up their papers first because their route was in the business district of town and

those newspapers needed to be delivered before the morning rush hour.  In other words, these

carriers were allowed to pick up first for business reasons, not for discriminatory reasons.  The

Defendant further contends that Plaintiff has not stated any facts that would give rise to a cause

of action for discrimination based upon race, sex, or age.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Discussion of the Law</u>

The Defendant is correct that Title VII "protects employees but not independent contractors." *Wilde v. County of Kandiyohi,* 15 F.3d 103, 104 (8th Cir. 1994). Therefore, the Court must determine whether Plaintiff was an employee of the Defendant or an independent contractor.

In determining whether a person is an employee or an independent contractor, the Supreme Court instructs us to consider the following nonexhaustive list of factors from the

Restatement (Second) of Agency § 220(2) (1958):

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished. Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.... No one of these factors is determinative.

*Wojewski v. Rapid City Regional Hosp., Inc.,* 450 F.3d 338, 342 -343 (8th Cir. 2006).

It is undisputed that when Plaintiff began working for the Defendant she understood that she was an independent contractor. She supplied her own car and car insurance. She was paid weekly, and no taxes were deducted from her compensation. She was given a Form 1099 by the Defendant for tax purposes and filed taxes as an independent contractor. The Defendant did not exercise control over Plaintiff's work except that she was required to roll and secure the papers and deliver them at a reasonable time. She was paid according to how many subscribers were located on her route. Plaintiff worked for other newspaper publishers during the time she was working for the Defendant. Further, Plaintiff only distributed newspapers for the Defendant on Wednesdays and Saturdays. All of these factors clearly show that Plaintiff was an independent contractor, not an employee of the Defendant. Therefore, Title VII is not applicable to this case.

The Court notes that even if Plaintiff were deemed an employee for purposes of Title VII, Plaintiff has not set forth a prima facie case of discrimination on the basis of sex, race, or age. Defendant has stated a legitimate, non-discriminatory reason for Plaintiff's termination and for allowing the two white employees to pick up their newspapers early in the morning. Plaintiff has failed to provide any evidence that these reasons were a mere pretext for discriminatory animus. Further, the Defendant has not violated Plaintiff's rights by refusing to speak with her

after her termination.

In conclusion, Defendant's Motion for Summary Judgment (Docket # 28) is GRANTED. The Clerk is directed to close the case.  The trial scheduled for the week of April 9, 2012 is cancelled.

IT IS SO ORDERED this 14th day of March, 2012.


_____
James M. Moody
United States District Judge